CAMPBELL, Judge.
Appellant, Arthur Ray Beville, as personal representative of the Estate of Byron A. Beville, appeals a final judgment imposing a constructive trust on certain property previously owned, in part, by the deceased, Dr. Byron A. Beville [hereinafter referred to as “Dr. Beville”]. We reverse.
Gandy Moorings, Inc., a Florida corporation, operated a marina on Tampa Bay in Tampa, Florida. Initially, the marina property was owned by Charles and Ella Dawson. The Dawsons leased the property to Gandy Moorings, Inc. under a “lease purchase agreement” which commenced on February 1, 1972, and was for an initial *814 term of five years. In early 1977, the option was extended for one year from February 1, 1977, to January of 1978.
All attempts by the corporation to generate funds to exercise the option were futile. On January 3, 1978, Dr. Steven L. Speronis [hereinafter referred to as “Dr. Speronis”], president of Gandy Moorings, Inc., exercised the option on behalf of the corporation. Under the terms of the original lease purchase agreement, the corporation then had ninety days to close the purchase.
A special meeting of the stockholders of Gandy Moorings, Inc. was held on February 5, 1978, to discuss procurement of the funds needed to exercise the option. Dr. Speronis proposed that the stockholders contribute a share of their personal funds proportionate to their stock ownership and take title individually. Gandy Moorings, Inc., the original option holder, would then be given six months to pay back the shareholders. Upon repayment, the property title would revert back to the corporation.
The stockholders were unwilling to invest their personal funds. Having no alternative funding sources, Dr. Speronis approached Dr. Beville for funding aid. Dr. Beville agreed to fund the option in exchange for a one-half interest in the property. The corporation, however, retained the right to repurchase Dr. Beville’s interest in the property at anytime within six months.
Dr. Speronis obtained an assignment of the option to purchase from the corporation, which the corporate minutes reflect was authorized by resolution approved by a unanimous vote of the stockholders. A bill of sale documenting Dr. Beville’s one-half interest was executed on March 30, 1978.
Subsequently, attempts by the corporation to raise the funds necessary to repurchase the option from Dr. Beville failed. An additional nine-month extension was given to the corporation by Dr. Beville. Despite the time extension, the stockholders were unable to acquire the necessary funding. The extension expired on June 30, 1979. At this time, Dr. Speronis and Dr. Beville retained an undivided one-half interest in the property. Subsequently, the property was sold to Shell Oil Company in December of 1979.
On February 26, 1980, the shareholders filed a shareholders’ derivative action against Gandy Moorings, Inc. and Dr. and Mrs. Speronis, seeking to impose a constructive trust against the proceeds derived from the sale of the property. Since Dr. Beville had in the meantime died, the Be-ville Estate was made a party to the suit in December of 1981. Dr. Speronis and the Beville Estate moved for summary judgment. The court granted Dr. Speronis’ motion and denied the Estate’s motion.
Subsequently, the cause was heard in a four-day nonjury trial. The trial court entered a decree on October 26,1983, in favor of the shareholders and made the following findings of fact:
1. Stephen L. Speronis (“SPERON-IS”), as President of Gandy Moorings, Inc. and fiduciary of the shareholders, held the assets of the corporation in trust for the corporation. The trust character continued and attached to the proceeds of the sale of those corporate assets. Therefore, SPERONIS held the proceeds of the sale of the corporate assets in trust for Gandy Moorings, Inc.
2. Since SPERONIS was holding the corporate assets as trustee for the corporation, Byron A. Beville (“BEVILLE”), as transferee, received those assets, or the proceeds of those assets, subject to a constructive trust in favor of the corporation.
3. Defendant, BEVILLE, was not a bona fide purchaser for value, without knowledge, of the corporate assets. BE-VILLE held those assets and their proceeds impressed with a constructive trust in favor of the corporation.
The trial court determined that $457,-862.47 of the proceeds from the sale to Shell were traceable into assets retained by the Beville Estate, therefore, an amended final judgment of constructive trust was entered on January 7,1985. This judgment imposed a constructive trust on the marina property to that extent.
*815 Several issues were raised on appeal and cross-appeal. After reviewing the record, we agree with appellant that the trial court erred in imposing a constructive trust on the property. Therefore, we reverse on the first issue raised by appellant. Consequently, all other issues are rendered moot.
Appellant argues the trial court erred in imposing a constructive trust on the property since there was no finding of fraud, abuse of confidence or unjust enrichment on Dr. Beville’s part.
When parties in an arms length transaction reach an agreement supported by valuable consideration, the court will not rewrite the contract between the parties by imposing a constructive trust. L & N Grove, Inc. v. Chapman, 291 So.2d 217 (Fla.2d DCA), cert. dismissed, 298 So.2d 412 (1974). Additionally, no contract or other transaction between a corporation and its directors or officers is void or voidable if the transaction is approved by the shareholders or is fair and reasonable. § 607.124(l)(b), (c), Florida Statutes (1983).
In the instant case, the corporation did not have a property interest in the marina property. The only interest it held was a lease option to purchase with the shareholders unanimously agreed to assign to Dr. Speronis. See § 607.124(l)(b). Furthermore, the shareholders acknowledged Dr. Speronis’ intent to assign an undivided one-half interest in said lease purchase agreement and extension of lease option to purhcase agreement to Dr. Beville.
It is apparent from the record that the shareholders agreed to the assignment to Dr. Speronis because failure to do so would have resulted in the loss of the property. The option to purchase was about to expire and no extension was forthcoming. Therefore, it cannot be said that the assignment was unfair to the shareholders since they were given six months, followed by an additional nine months, to repurchase the option from Dr. Speronis and Dr. Beville. See 607.124(l)(c). Since Dr. Beville acquired his interest in the property as a result of an assignment from Dr. Speronis, the corporation would have no right of action against Dr. Beville, nor would its stockholders, absent some showing of a fraudulent collusion involved in his acquisition of the assignment. There is no evidence supporting such a collusion.
The shareholders argue that the sale of the marina property was improper because the notice requirement of section 607.241, Florida Statutes (1983) was not complied with. This argument, however, is without merit since at the time of the sale, Dr. and Mrs. Speronis owned eighty percent of the stock of Gandy Moorings, Inc. Corporations must be permitted to operate under majority control as long as the majority does no wrong against the minority. Coleman v. Plantation Golf Club, Inc., 212 So.2d 806 (Fla. 4th DCA 1968).
Based on the facts of the instant case, there has been no showing of any wrongdoing to the detriment of the stockholders of Gandy Moorings, Inc. Accordingly, we find that the trial court erred in imposing a constructive trust on the property involved and necessarily reverse the trial court’s final judgment.
SCHEB, A.C.J., and SCHOONOVER, J., concur.